# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **OLLIE MCNAIR,** | : | **PRISONER CIVIL RIGHTS** |
| Plaintiff, | : | **42 U.S.C. § 1983** |
| | : | |
| v. | : | |
| | : | |
| **TERRY E. BERNARD, Chairman,** | : | **CIVIL ACTION NO.** |
| et al., | : | **1:17-CV-0205-WSD-AJB** |
| Defendants. | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Plaintiff, Ollie McNair, confined in the Coffee Correctional Facility in Nicholls, Georgia, has submitted a civil rights complaint and by separate Order was granted *in forma pauperis* status. [Doc. 3]. The matter is now before the Court on the complaint, [Doc. 1], for screening under 28 U.S.C. § 1915A.

## I.   28 U.S.C. § 1915A Standard

Section 1915A of Title 28 requires the federal court to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Bingham v. Thomas*, 654 F.3d 1171, 1175

AO 72A
(Rev.8/82)

(11th Cir. 2011) (quoting *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)) (internal quotation marks omitted).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  "A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility" and inform the defendant of "the factual basis" for the complaint. *Johnson v. City of Shelby*, _ U.S. _, 135 S. Ct. 346, 347 (2014).

In reviewing whether a plaintiff has stated a claim, the Court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. *Franklin v. Curry*, 738 F.3d 1246, 1248 (11th Cir. 2013); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations).  Further, the Court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. *Bingham*, 654 F.3d at 1175.  Although courts show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)) (internal quotation marks omitted).

In order to a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law (2) deprived him of a right secured by the Constitution or federal law. *Bingham*, 654 F.3d at 1175. If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.  Discussion

Plaintiff brings this action against Terry E. Barnard, Chairman of the State Board of Pardons and Paroles (Board); James W. Mills, Vice Chairman; and members Albert R. Murray, Braxton T. Cotton, and Brian Owens. (Compl., Disclosure of Persons, ECF No. 1.) Plaintiff alleges the following. On March 4, 2015, Murray presided over Plaintiff's final revocation hearing and submitted a recommendation to the remaining Board members that Plaintiff's parole be revoked based on the charges contained in three warrants (which Plaintiff states were issued without probable cause). (Compl. ¶ IV and Attach. at 1.) The Board revoked Plaintiff's parole, and, although Murray made a recommendation, neither the recommendation nor the basis for the Board's decision is in the record. (*Id.*, Attach. at 1-2.) Plaintiff asserts that his due

3

process rights were violated because only one Board member presided over his final revocation hearing and because the reasons for revoking Plaintiff's parole were not part of the record. (*Id*.) Plaintiff seeks damages. (*Id*. at 4-6.)

Plaintiff also has attached a copy of the March 19, 2015, Notice of Revocation letter, which he received along with copies of a Findings of Fact and an Order of Revocation. (Pl.'s Ex. P1, ECF No. 1.) The Findings of Fact shows that Plaintiff received a hearing before Parole Officer Jason Hall and a final hearing before Murray. (*Id*.) The Findings of Fact lists five violations and the supporting evidence, which includes Plaintiff's plea of guilt and police officer testimony in regard to crack cocaine, powder cocaine, SPICE, and a digital scale being found in Plaintiff's residence on October 17, 2014. (*Id*.) The Findings of Fact includes Murray's revocation recommendation. (*Id*.) Additionally, the Revocation Order found that Plaintiff had violated the conditions of his parole, listed the four drug-related violations, and revoked Plaintiff's parole. (*Id*.)

The Eleventh Amendment bars any action, whether for damages or equitable relief, against state entities such as the Board. *See Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1309 (11th Cir. 1988); *see also Cory v. White*,

457 U.S. 85, 90-91 (1982).[1] The Eleventh Amendment further bars all damages claims against Board members in their official capacities because the state remains the real party in interest. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (stating that the Eleventh Amendment bar to damages "remains in effect when State officials are sued for damages in their official capacity"); *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994) ("Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court."); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) (holding that the State and state officials sued in their official capacities for damages are not persons under § 1983). Additionally, the Eleventh Circuit Court of Appeals "repeatedly ha[s] held that individual members of the Parole Board are entitled to absolute quasi-judicial immunity from a suit for damages." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) ("[W]e hold that the district court erred in permitting the claims for monetary damages to proceed against the individual Board members.").

Here, it is apparent that the reasons for revoking Plaintiff's parole adequately were memorialized in writing. *See United States v. Copeland*, 20 F.3d 412, 414

---

[1] Section 1983 does not override Eleventh Amendment immunity, and Georgia has not waived its Eleventh Amendment immunity. *Presnell v. Paulding Cty.*, 454 Fed. Appx. 763, 766 (11th Cir. 2011).

AO 72A
(Rev.8/82)

(11th Cir. 1994) (holding that the due process requirement of a written statement on the evidence and reasons for revocation generally is satisfied when "oral findings, if recorded or transcribed, . . . create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon"). Moreover, based on the law set forth above, Plaintiff's suit for damages against the individual Board members fails, and this action must be dismissed. *See Holmes*, 418 F.3d at 1258; *Jackson*, 16 F.3d at 1575.

### III.   Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** for failure to state a claim.

The Clerk is **DIRECTED** to terminate the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  9th  day of March, 2017.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)