# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| OLLIE MCNAIR, **Plaintiff,** v. TERRY E. BERNARD, Chairman, JAMES W. MILLS, Vice Chairman, ALBERT R. MURRAY, Member, BRAXTON T. COTTON, Member, BRIAN OWENS, Member, **Defendants.** | 1:17-cv-205-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] ("R&R"), recommending that this action be dismissed under 28 U.S.C. § 1915A for failure to state a claim. Also before the Court are Plaintiff Ollie McNair's ("Plaintiff") Objections [6] to the R&R.

## I.  BACKGROUND

On January 4, 2017, Plaintiff, a prisoner, filed his *pro se* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [1] ("Complaint"), asserting constitutional claims against five members of the Georgia State Board of Pardons and Paroles (the "Parole Board"). Plaintiff alleges that, in March 2015, Defendants revoked his

parole in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks damages for his injuries. On March 9, 2017, the Magistrate Judge screened Plaintiff's Complaint and issued his R&R, recommending that this action be dismissed on the grounds that Defendants are immune from suits for damages. On March 23, 2017, Plaintiff filed his Objections to the R&R.

## II. DISCUSSION

### A. Legal Standards

#### 1. Frivolity Review Under 28 U.S.C. § 1915A

A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[I]f the district court sees that an affirmative defense would defeat the action, [dismissal on the grounds of frivolity] is allowed." Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 (11th Cir. 1990).

2. Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). In view of Plaintiff's Objections, the Court conducts a *de novo* review of the record.

B. Analysis

The Eleventh Amendment bars claims for damages against parole boards and parole board members sued in their official capacities. See Fuller v. Georgia

3

State Bd. of Pardons & Paroles, 851 F.2d 1307, 1308 (11th Cir. 1988) (affirming the district court's conclusion that the Georgia parole board was "entitled to sovereign immunity pursuant to the eleventh amendment"); see also Jackson v. Georgia Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994) ("Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court."). The Eleventh Circuit also "repeatedly ha[s] held that individual members of the Parole Board are entitled to absolute quasi-judicial immunity from a suit for damages." Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005); see Fuller, 851 F.2d at 1310 ("[T]he individual members of the Parole Board are entitled to absolute quasi-judicial immunity from a suit for damages."). This action is dismissed because Plaintiff asserts claims for damages against Defendants, and each Defendant is immune from suit as a member of the Parole Board. See Clark, 915 F.2d at 641 n.2 ("[T]he absolute immunity of the defendant would justify the dismissal of a claim as frivolous."); Holmes, 418 F.3d at 1258 ("[T]he district court erred in permitting the claims for monetary damages to proceed against the individual Board members.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [6] are **OVERRULED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.


**SO ORDERED** this 2nd day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE